**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GINA ENRIQUEZ, | ) | CASE NO. CV 13-07823 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

The Administrative Law Judge found that Plaintiff Gina Enriquez, who had no past relevant work, could perform the jobs of hand packer and laundry laborer, such that Plaintiff was not disabled. [AR 17] Plaintiff asserts that these jobs do not fit within her residual functional capacity. The Labor Department's Dictionary of Occupational Titles provides the descriptions for both jobs, and both can require the use of machinery. DICTIONARY 920.587-018 (hand-packer) (includes reference to regulating conveyor, as well as use of other machines); DICTIONARY 361.687-014 (laundry laborer) (similar).[1] The

---

[1] Both the vocational expert and the Administrative Law Judge identified DICTIONARY 361.687-014 as the job of "laundry laborer," whereas the DICTIONARY itself assigns that number to "Classifier (laundry & rel.)" and assigns the number 361.687-018 to "Laundry Laborer." A laundry laborer, under the DICTIONARY's classification, can involve operating other machinery than a conveyor belt, including a power hoist.

DICTIONARY is, of course, the primary source often referenced by an administrative law judge, although deviations from it are permissible if they are based on explanations from a vocational expert. *Light v. Social Security Administration*, 119 F.3d 789, 793 (9th Cir. 1997).

The residual functional capacity prohibited Plaintiff from "exposure to hazardous conditions such as work at unprotected heights and around dangerous moving machinery due to a history of seizure precautions," and stated that there should be "no work with high production quotas or rapid assembly line work." [AR 14] The restriction against working with hazardous machinery relied on the consultative medical examination, where the doctor, based on Plaintiff's history of seizures, stated that "Secondary to her seizure disorder she should avoid working around heights and the use of machinery." [AR 321]

In this Court, the Commissioner seeks to draw a distinction between "machinery" and "dangerous machinery," since the Administrative Law Judge used the latter term in his description of Plaintiff's residual functional capacity. In the context of the evidence underlying that finding, however, it is clear that there was no distinction, and that "machinery" was "dangerous" precisely because of the risk it could pose if Plaintiff suffered a seizure. The Commissioner's parsing between the two terms is too fine for the reality of the situation.

It may be, of course, that there are sufficient numbers of jobs that are hand-packing jobs or laundry classifier or laundry laborer jobs that require little to no use of machinery. A vocational expert would be competent to testify as to whether that is so. On this state of the record, however, he has not done so. Therefore, the matter must be remanded for clarification of whether Plaintiff, restricted from working around machinery that, by definition, can be dangerous given her history of seizures, nevertheless could perform these jobs, or other jobs that the expert might identify.

Plaintiff also complains that the Administrative Law Judge did not address a third-party function report from her aunt. Lay testimony is competent testimony that

cannot be disregarded without comment, and the comments must be germane to the third party. *Bruce v. Astrue,* 557 F.3d 1113, 1115 (9th Cir. 2009). The Court assumes, without deciding, that this standard applies to third party function reports even if the third party has not actually testified at the hearing. On remand, the Administrative Law Judge will have the opportunity to consider any third party reports, and give them such weight as is appropriate.

      IT IS SO ORDERED.

      DATED: October 8, 2014

      _____
      RALPH ZAREFSKY
      UNITED STATES MAGISTRATE JUDGE